UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DEAN SHEETS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. A. TERHUNE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:98-CV-06506-AWI-SMS-P<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Docs. 87 and 92) |

　　　Plaintiff Daniel Dean Sheets ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 28, 2004, the Court granted defendants Powers and Lopez's motion to dismiss and dismissed this action, without prejudice, based on plaintiff's failure to exhaust the available administrative remedies as mandated by 42 U.S.C. § 1997e(a). Plaintiff appealed and the United States Court of Appeals for the Ninth Circuit vacated the order of dismissal and remanded the matter for consideration of defendants' motion in light of Ninth Circuit's intervening decisions in Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005) and Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005).

　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the

prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

In Brown v. Valoff, the Ninth Circuit considered two cases in which the prisoners utilized the California Department of Corrections' inmate appeals process by filing appeals, but after receiving responses at intermediate levels of review, failed to pursue their appeals up to the third and final level of review. Brown, 422 F.3d at 929. The Ninth Circuit held that "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Id. at 935; Ngo, 403 F.3d at 631 (exhaustion occurs when all avenues of administrative relief available are completed). Because exhaustion is an affirmative defense, the defendants bear the burden of demonstrating "that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of the process." Brown at 936-37; Ngo at 626 ("To demonstrate a failure to exhaust, defendants must specify which remedies remain available to Ngo following the Appeals Coordinator's decision.")

1    The Ninth Circuit's intervening decisions in <u>Brown</u> and <u>Ngo</u> do not alter this Court's
2 previous conclusion that plaintiff did not exhaust. In <u>Brown</u> and <u>Ngo</u>, the prisoners availed, or
3 attempted to avail, themselves of the inmate appeals process by submitting appeals. The issue in
4 both cases was whether, in light of the responses received by the prisoners, exhaustion occurred or
5 avenues of administrative relief remained available. In <u>Brown</u>, the Ninth Circuit found that
6 exhaustion occurred when inmate Brown's appeal was granted and an investigation was conducted.
7 <u>Brown</u> at 937-39. The Ninth Circuit stated that no further relief was available and there was no
8 evidence in the record contradicting that conclusion. <u>Brown</u> at 938-39. In <u>Ngo</u>, the Ninth Circuit
9 held that exhaustion occurred when the appeal was screened out as untimely, as inmate Ngo had at
10 that time "completed all avenues of administrative review available to him . . . ." <u>Ngo</u> at 631.

11    In this case, defendants met their initial burden as the moving parties by setting forth
12 evidence that they searched CDC records for any and all appeals submitted by plaintiff concerning
13 the claims or parties underlying this action, and the first possible appeal they found relating to the
14 allegations was submitted by plaintiff *after* this suit was filed. <u>McKinney</u>, 311 F.3d at 1199-1201
15 (exhaustion must occur prior to filing suit). In his opposition, plaintiff offered explanations, both
16 of which were rejected by the Court. First, with respect to his access to the courts claim against
17 Powers, plaintiff asserted that he filed an appeal grieving the loss of his property but received no
18 response. This Court rejected that explanation because it was insufficient to support an argument
19 that plaintiff exhausted or attempted to exhaust his claim for denial of access to the courts, which
20 did not accrue until plaintiff suffered an actual injury as a result of his property loss. Neither <u>Brown</u>
21 nor <u>Ngo</u> alters this finding, as the issue was whether there was evidence that plaintiff exhausted or
22 attempted to exhaust his access claim at all rather than whether there existed an avenue of
23 administrative relief available to plaintiff.

24    Plaintiff's second explanation was that he did not file an appeal because he was directed not
25 to do so by law enforcement personnel, thus rendering the process "unavailable" to him. The Court
26 is not unsympathetic to the difficult position plaintiff allegedly found himself in. Factually, the
27 circumstances surrounding this case, as alleged by plaintiff, are rather unique. However, the Court
28 did not reject plaintiff's argument based on a finding that staff conduct cannot cause the remedy

process to be "unavailable." See Ngo, 403 F.3d 620; Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). Rather, the problem with plaintiff's argument in the Court's opinion was that once plaintiff decided to disregard the admonition he was given by law enforcement personnel to remain quiet by filing suit, he could have and should have availed himself of the inmate appeals process by filing an inmate appeal.

In conclusion, the issue in this instance is not one of burden. Had the Court agreed with plaintiff that the process was rendered unavailable and defendants thereafter chose to again pursue dismissal based on exhaustion, defendants would have been required to set forth evidence demonstrating what avenues of relief remained available to plaintiff. In this instance, however, defendants met their initial burden as the moving parties by setting forth evidence of the process made available to inmates and of plaintiff's failure to avail himself of the process. Unlike in Brown and Ngo, the Court's decision did not require any inquiry into what other administrative processes might have been available to plaintiff. To the extent that the inmate appeals process at the prison

was rendered "unavailable" due to plaintiff's compliance with the alleged directive from law enforcement personnel not to say anything, the availability of the process was resurrected when plaintiff no longer remained compliant with the directive and spoke out via the filing of this lawsuit. At such time, section 1997e(a) required that plaintiff first exhaust by submitting an inmate appeal.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations filed on February 12, 2004, is adopted;
2. Defendants' motion to dismiss, filed October 3, 2003, is GRANTED, and this action is DISMISSED, without prejudice, based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit; and
3. The Clerk of the Court shall enter judgment for defendants and against plaintiff.

IT IS SO ORDERED.

**Dated:   March 21, 2006**                               /s/ Anthony W. Ishii
0m8i78                                                              UNITED STATES DISTRICT JUDGE